IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:12CR33 |
| vs. | |
| TODD PAUL HAYS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the government's objections (Filing No. 85), the Defendant's objections and motion for downward departure or variance (Filing No. 87), and the Defendant's motion for an evidentiary hearing (Filing No. 88). See Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to United States v. Booker, 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement assumes a drug quantity of 4600 kilograms of marijuana, converted, and a base offense level of 34. The PSR assigns a quantity of 40,738.8 kilograms and base offense level 38. Both parties object to the drug quantity and base offense level in the PSR based on the plea agreement, and those objections are granted. The base offense level is 34, consistent with the plea agreement.

The Defendant filed a motion for downward departure or variance, apparently basing his argument in part on his belief that he is entitled to a 4-level role reduction. The role issue, however, is not specifically raised as an objection. Defense counsel requests an evidentiary hearing. Insofar as the role issue is raised as an objection, it is

denied. The motion for an evidentiary hearing is denied. As no Addendum appears in the PSR, it appears that the Defendant's objections were not raised before the Probation Officer. Moreover, the objections and motion for departure/variance were filed out of time without any request for leave to do so. Finally, defense counsel has not complied with the requirements of ¶ 6 of the Order on Sentencing Schedule with respect to any evidence he wishes to offer. The Court will allow oral argument with respect to the motion for downward departure/variance.

IT IS ORDERED:

1. The government's objection to ¶ 41 of the PSR (drug quantity; base offense level) (Filing No. 85) is granted;

2. The Defendant's objection to ¶¶ 34 and 41 of the PSR (drug quantity; base offense level) (Filing No. 87) is granted;

3. The Defendant's objection to the absence of a role reduction (Filing No. 87) is denied

4. The Defendant's motion for downward departure/variance (Filing No. 87) will be heard by oral argument at the sentencing hearing;

5. The Defendant's motion for an evidentiary hearing (Filing No. 88) is denied;

6. If any party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if

an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

7. Absent submission of the information required by paragraph 6 of this Order, my tentative findings may become final; and

8. Unless otherwise ordered, any motion challenging these tentative findings will be resolved at sentencing.

Dated this 16th day of October, 2012.

BY THE COURT:

s/ Laurie Smith Camp
Chief United States District Judge